IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL GATEWOOD, | ) | CASE NO. 1:16 CV 334 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| BRIGHAM SLOAN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me[1] is the petition of Paul Gatewood for a writ of habeas corpus under 28 U.S.C. § 2254.[2]  In 2012, Gatewood pled guilty to two counts of burglary and was sentenced by the Cuyahoga County Court of Common pleas to a term of eight years on each count to be served consecutively for a term of 16 years.[3]  He is currently incarcerated at the Lake Erie Correctional Institution in Conneaut, Ohio.[4]

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge Jeffrey J. Helmick by non-document order dated February 18, 2016.

[2] ECF # 1.

[3] ECF # 8, Attachment 1 at14-15.

[4] http://www.drc.state.oh.us/OffenderSearch

In his petition, Gatewood raises one ground for habeas relief.[5] The State has filed a return of the writ arguing that the petition should be denied because it lacks merit.[6] Gatewood has filed a traverse.[7]

For the reasons that follow, I recommend Gatewood's petition be denied.

## Facts

### A.    Underlying facts, conviction, and sentence

The facts that follow come from the decision of the appeals court.[8]

In August and September of 2012, Gatewood was indicted in two separate cases of two counts of burglary, that included notice of prior conviction and repeat violent offender specifications, and one count of theft.[9]  The cases proceeded together at the trial court level.[10]

After negotiations with the state, Gatewood pleaded guilty to two counts of burglary.[11]

---

[5] ECF # 1.

[6] ECF # 8.

[7] ECF # 9.

[8]  Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[9] ECF # 8, Attachment 1 at 52.

[10] *Id*.

[11] *Id*.

The specifications and the theft charge were dismissed.[12]

Prior to sentencing, Gatewood, *pro se*, filed motions to disqualify counsel and to withdraw his guilty plea.[13]  The trial court addressed motions at the sentencing hearing where Gatewood received an opportunity to be heard.[14]  The court denied the motions and sentenced Gatewood to eight years on each count to be served consecutively, for a total of sixteen years.[15]  The court also ordered restitution in the amount of $425.[16]

## B.    Direct Appeal

### 1.    *Ohio Court of Appeals*

Gatewood, through counsel, filed a timely[17] notice of appeal[18] with the Ohio Court of Appeals (Case No. CA13-099431).  He contemporaneously filed a second appeal (Case No.

---

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17]    Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007) (unreported case). Gatewood's conviction and sentence were journalized on December 20, 2012 (*id.* at 14-15) and the notice of appeal was filed on January 17, 2013.

[18] *Id.* at 16.

CA13-99430).  The Court consolidated the cases and appointed new counsel to represent Gatewood on appeal.[19]   In his brief,[20] Gatewood filed three assignments of error:

1.      The trial court imposed an excessive sentence that subjects him to cruel and unusual punishment in violation of Ohio State Constitution, Art.1, §9.

2.      The trial court erred in failing to address the required statutory factors under R.C.2929.14(E)(4) for consecutive sentences.  In particular, the lower court failed to address the proportionality aspect of R.C.2929.14(E)(4) and R.C. 2929.11(B).

3.      That trial counsel provided ineffective assistance of counsel, in violation of the Sixth Amendment to the United States Constitution and Section I of the Ohio Constitution.[21]

The state filed a brief in response.[22] The Ohio appeals court overruled Gatewood's first and third assignments of error but sustained his second assignment of error, and remanded the case for resentencing.[23]  The State filed a motion for reconsideration to clarify the order on remand.[24]   The Court of Appeals granted the motion and limited the resentencing to making the necessary findings for consecutive sentences.[25]

---

[19] *Id*. at 17.

[20] *Id*. at 18.

[21] *Id*. at 21.

[22] *Id.* at 30.

[23] *Id.* at 50.

[24] *Id.* at 61.

[25] *Id*. at 64.

**2.**      ***Direct appeal of resentencing***

*a.*      *Resentencing*

Following remand, the trial court reinstated Gatewood's original sentences and stated the findings necessary to impose consecutive sentences on March 31, 2014.[26]

*b.*      *Direct appeal of resentencing*

Gatewood, *pro se*, and by appointed counsel, filed timely[27] notices of appeal[28] of his resentencing.  The Ohio Court of Appeals, *sua sponte*,  dismissed Case No. CA14-101298 as a duplicate of Case No. CA14-101271.[29]  In his brief, Gatewood filed one assignment of error:

1.      The trial court erred by imposing consecutive sentences.[30]

The State filed a brief in response.[31]  On April 2, 2015, the Court of Appeals affirmed the judgment of the trial court.[32]

---

[26] *Id*. at 65-66.

[27] Gatewood's resentencing was journalized on March 31, 2014(*id.* at 65-66) and the notices of appeal were filed on April 21, 2014 and April 25, 2014 respectively, both were within the 30 days of the judgment and therefore timely.

[28] *Id.* at 67, 107.

[29] *Id*. at 109.

[30] *Id*. at 111.

[31] *Id*. at 122.

[32] *Id*. at 132.

Gatewood then filed, *pro se*, a motion for en banc reconsideration under App.R.26(A).[33]  The State filed a memorandum in opposition,[34] and Gatewood filed a reply.[35] In May of 2015, the Court of Appeals denied Gatewood's application for en banc review and his motion for reconsideration.[36]

### 3.  *The Supreme Court of Ohio*

Gatewood, *pro se*, thereupon filed a timely[37] notice of appeal[38] with the Ohio Supreme Court.  In his brief in support of jurisdiction, he raised one proposition of law:

> 1.  Whether Appellant's due process rights were violated when, the trial court erred by imposing consecutive sentences that are disproportionate to his conduct.[39]

---

[33] *Id*. at 143.

[34] *Id*. at 148.

[35] *Id*. at 153.

[36] *Id*. at 157-58.

[37] *See* Ohio S.Ct.Prac.R. 7.01(A)(5)(b) (To be timely, a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought.); *See*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010) (discussing forty-five day limit) (unreported case).  Gatewood filed his notice of appeal of the Court of Appeals May 12 and May 20, 2015 decisions on May 26, 2015 (*id*. at 159). Thus, his appeal is timely.

[38] *Id*.

[39] *Id*. at 162.

The State filed a waiver of memorandum in response.[40] On July 22, 2015, the Ohio Supreme Court declined jurisdiction under S.Ct.Prac.R. 7.08(B)(4).[41]

## C.    Motion to withdraw guilty plea

On September 22, 2015, Gatewood filed a motion to withdraw guilty plea.[42]  The record reflects nothing further as to this motion.

## D.    Petition for writ of habeas corpus

On February 12, 2016, Gatewood, *pro se*, timely filed[43] a federal petition for habeas relief.[44] As noted above, he raises one ground for relief:

> GROUND ONE:    Petitioner"s [sic] due process rights under the Fourteenth Amendment were violated when, the trial court erred by imposing consecutive sentences that are disproportionate to his conduct.[45]

---

[40] *Id*. at 186.

[41] *Id*. at 187.

[42] *Id*. at 188.

[43]  The present petition for federal habeas relief was filed on February 12, 2016.  ECF # 1. As such, it was filed within one year of the conclusion of Gatewood's direct appeal in the Ohio courts and so is timely under 28 U.S.C. § 2254(d)(1).

[44] ECF # 1.

[45] *Id*., Attachment 2 at 3.

# Analysis

## A.    Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.    There is no dispute that Gatewood is currently in state custody because of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[46]

2.    There is also no dispute, as detailed above, that Gatewood timely filed this petition under the applicable statute.[47]

3.    In addition, Gatewood states,[48] and my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[49]

4.    Finally, Gatewood is not represented by counsel, and has not requested the appointment of counsel,[50] but he has requested an evidentiary hearing to develop the factual bases of his claims.[51]

---

[46] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[47] 28 U.S.C. § 2254(d)(1);  *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[48] *See*, ECF # 1 at 9.

[49] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[50] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[51]  That, evidentiary hearing however, was requested in his traverse and not in his original petition.  New issues may not be raised in the traverse.  Thus, the Court need not address this request.  *Phillips v. Turner*, No. 3:16 CV 880, 2017 WL 2221591, at *2 (N.D. Ohio, May 2, 2017).

**B.     Legal standards**

*1.     AEDPA review*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[52] codified

at 28 U.S.C. § 2254, strictly circumscribes a federal court's ability to grant a writ of habeas

corpus.[53]  Pursuant to AEDPA, a federal court shall not grant a habeas petition with respect

to any claim adjudicated on the merits in state court unless the state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established [f]ederal law, as determined by the Supreme
> Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of
> the facts in light of the evidence presented in the [s]tate court proceeding.[54]

The Supreme Court teaches that this standard for review is indeed both "highly

deferential" to state court determinations,[55] and  "difficult to meet,"[56] thus, preventing

petitioner and federal court alike "from using federal habeas corpus review as a vehicle to

second-guess the reasonable decisions of state courts."[57]

---

[52] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[53]  *See* 28 U.S.C. § 2254 (2012).

[54]  28 U.S.C. § 2254(d) (2012).

[55] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citation omitted).

[56]  *Id.* (citation omitted).

[57] *Rencio v. Lett*, 559 U.S. 766, 779 (2010).

a.      *"Contrary to" or "unreasonable application of" clearly established federal law*

Under § 2254(d)(1), "clearly established Federal law" includes only Supreme Court holdings and does not include dicta.[58]  In this context, there are two ways that a state court decision can be "contrary to" clearly established federal law:[59] (1) in circumstances where the state court applies a rule that contradicts the governing law set forth in a Supreme Court case,[60] or (2) where the state court confronts a set of facts that are materially indistinguishable from a Supreme Court decision, but nonetheless arrives at a different result.[61]  A state court's decision does not rise to the level of being "contrary to" clearly established federal law simply because that court did not cite the Supreme Court.[62]  The state court need not even be aware of the relevant Supreme Court precedent, so long as neither its reasoning nor its result contradicts it.[63]  Under the "contrary to" clause, if materially indistinguishable facts confront the state court, and it nevertheless decides the case differently than the Supreme Court has previously, a writ will issue.[64]  When no such Supreme Court holding exists the federal habeas court must deny the petition.

---

[58] *Howes v. Fields*, 132 S.Ct. 1181, 1187 (2012) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)).

[59] *Brumfield v. Cain*, 135 S.Ct. 2269, 2293 (2015).

[60] *Id.*

[61] *Id.*

[62] *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003) (per curiam).

[63] *Id.*

[64] *See id.*

A state court decision constitutes an "unreasonable application" of clearly established federal law when it correctly identifies the governing legal rule, but applies it unreasonably to the facts of the petitioner's case.[65]  Whether the state court unreasonably applied the governing legal principle from a Supreme Court decision turns on whether the state court's application was objectively unreasonable.[66]  A state court's application that is "merely wrong," even in the case of clear error, is insufficient.[67]  To show that a state court decision is an unreasonable application, a petitioner must show that the state court ruling on the claim being presented to the federal court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[68]  Under the "unreasonable application" clause, the federal habeas court must grant the writ if the State court adopted the correct governing legal principle from a Supreme Court decision, but unreasonably applied that principle to the facts of the petitioner's case.

b.    *"Unreasonable determination" of the facts*

The Supreme Court has recognized that § 2254(d)(2) demands that a federal habeas court accord the state trial courts substantial deference:[69]  Under § 2254(e)(1), "a

---

[65]  *White v. Woodall*, 134 S.Ct. 1697, 1699 (2014) (quoting *Williams v. Taylor*, 529 U.S. 362, 407 (2000).

[66]  *Id.*(quoting *Lockyear v. Andrade*, 538 U.S. 63, 75-76. (2003).

[67]  *Id.*

[68]  *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

[69]  *Brumfield*, 135 S.Ct. at 2277.

-11-

determination of a factual issue made by a [s]tate court shall be presumed to be correct."[70]

A federal court may not characterize a state court factual determination as unreasonable

"merely because [it] would have reached a different conclusion in the first instance."[71] While

such deference to state court determinations does not amount to an "abandonment or

abdication of judicial review"or "by definition preclude relief,"[72] it is indeed a difficult

standard to meet.   "The role of a federal habeas court is to guard against extreme

malfunctions in the state criminal justice systems, not to apply *de novo* review of factual

findings and to substitute its own opinions for the determination made on the scene by the

trial judges."[73]

## 2.    *Procedural default*

A claim not adjudicated on the merits by a state court is not subject to AEDPA

review.[74]  Such a claim is subject to procedural default if a petitioner failed to raise it when

state court remedies were still available, the petitioner violated a state procedural rule.[75]  The

petitioner  must  afford  the  state  courts  "opportunity  to  pass  upon  and  correct  alleged

---

[70] 28 U.S.C. § 2254(e)(1) (2012).

[71] *Brumfield*, 135 S.Ct. at 2277 (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

[72] *Id.* (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) ("If reasonable minds reviewing the record might disagree about the finding in question, on habeas review that does not suffice to supersede the trial court's determination.") (internal quotation marks omitted)).

[73] *Davis v. Ayala*, 135 S.Ct. 2187, 2202 (2015) (citation omitted).

[74] *See Harrington v. Richter*, 562 U.S. 86, 98 (2011).

[75] *West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015).

violations of its prisoners' federal rights."[76]  This requires a petitioner to go through "one complete round" of the state's appellate review process,[77] presenting his or her claim to "*each appropriate state court.*"[78]  A petitioner may not seek habeas relief then if he or she does not first "fairly present[] the substance of his [or her] federal habeas corpus claim to the state courts."[79]

When a state asserts a that violation of a state procedural rule is the basis for default in a federal habeas proceeding, the Sixth Circuit has long employed a four-part to test determine whether the claim is procedurally defaulted.[80]  A petitioner's violation of a state procedural rule will bar federal review if the state procedural rule satisfies the standards set out in the test:[81]

(1) "[T]here must be a state procedure in place that the petitioner failed to follow."[82]

---

[76] *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (citation omitted).

[77] *Boerckel*, 526 U.S. at 845.

[78] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (emphasis added).

[79] *West*, 790 F.3d at 697 (quoting *Picard v. Connor*, 404 U.S. 270, 278 (1971) (internal quotation marks omitted).

[80] *See Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986) (outlining four-part test); *see Landrum v. Mitchell*, 625 F.3d 905, 916-17 (6th Cir. 2010) (applying test post-AEDPA).

[81] *Jells v. Mitchell*, 538 F.3d 478, 488 (6th Cir. 2008).

[82] *Id.* (citing *Maupin*, 785 F.2d at 138).

-13-

(2) "[T]he state court must have denied consideration of the petitioner's claim on the ground of the state procedural default."[83]

(3) "[T]he state procedural rule must be an 'adequate and independent state ground,'[84] that is both 'firmly established and regularly followed.'"[85]

(4) The petitioner cannot demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law," or "that failure to consider the claims will result in a fundamental miscarriage of justice."[86]

In order to show "cause" for the default, the petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."[87] In order to show "prejudice" for the default, the petitioner must show that the errors at trial "worked to [his or her] *actual* and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions."[88]

---

[83] *Id.*

[84] *Id.* (quoting *Maupin*, 785 F.2d at 138). ("A state procedural rule is an independent ground when it does not rely on federal law.") (citing *Coleman v. Thompson*, 501 U.S. 722, 732).

[85] *Id.* (citation omitted).

[86] *Id.* (quoting *Coleman*, 501 U.S. at 750).

[87] *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[88] *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Additionally, "a credible showing of actual innocense" may also excuse an otherwise defaulted claim, and effectively allow a petitioner to seek review.[89]

Notwithstanding these elements, the Supreme Court has held that a federal habeas court need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[90]

### 3.    *Fair presentment*

The standard of review outlined by 28 U.S.C. § 2254(d) applies by its own terms only to habeas claims "adjudicated on the merits in State court proceedings.[91]  When a federal habeas claim was fairly presented to but not adjudicated on the merits by the state courts, the federal habeas court must evaluate that claim under the pre-AEDPA standard, reviewing *de novo* questions of law and mixed questions of law and fact.[92]

---

[89] *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931 (2013); *see Schulp v. Delo*, 513 U.S. 298, 324 (1995) (explaining that a "credible" claim requires "new reliable evidence" and factual innocence beyond legal insufficiency).

[90] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997); *see Wade v. Timmerman-Cooper*, 785 F.3d 1059, 1077 (6th Cir. 2015) ("[O]n occasion [the Sixth Circuit] has reached beyond the procedural-default analysis to address the underlying claim on the merits when it presents a more straightforward ground for decision.") (citation omitted).

[91] 28 U.S.C. § 2254(d); *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

[92] *Maples*, 340 F.3d at 436; *Jones v. Bradshaw*, 489 F. Supp. 2d 786, 803 (N.D. Ohio 2007).  In circumstances not applicable here, federal courts employ a modified version of AEDPA deference to the state court decision in cases where the state court did not squarely address the petitioner's claim as a federal Constitutional claim, but its analysis nevertheless bears "some similarity" to the requisite analysis set forth in clearly established federal law. *Filiaggi v. Bagley*, 445 F.3d 851, 854 (6th Cir. 2006).

The requirement of fair presentment initially involves the issue of exhaustion, since the fair presentment doctrine, like the exhaustion requirement itself, is rooted in important federal-state comity concerns.[93] If the petitioner does not present the same claim on the same theory to the state court as is presented to the federal habeas court, state courts do not have a fair opportunity to resolve the matter on the grounds asserted by the petitioner before the federal court review the state court decision under the AEDPA.[94]

In the Sixth Circuit, a petitioner may fairly present his federal claim to the state court in a number of different ways:

(a)     by relying on federal cases employing constitutional analysis;

(b)     by relying on state court cases employing federal constitutional analysis;

(c)     by phrasing the claim in terms of constitutional law or terms sufficiently particular as to allege a denial of a specific constitutional rights;

(d)     by alleging facts well within the mainstream of constitutional law.[95]

But, as the Sixth Circuit has emphasized, fair presentment is not established by showing that the claim presented to the state court was "somewhat similar" to the federal constitutional claim, or that both claims arose out of the same set of facts, or even that a

---

[93] *Jalowiec v. Bradshaw*, 657 F.3d 293, 304 (6th Cir. 2011).

[94] *Id.*, citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971).

[95] *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

-16-

federal claim should have been "self-evident" from the "ramifications" of the state-law claim.[96] "The bottom line is that [there is a lack of fair presentment where] the state courts were not called upon to apply the legal principles governing the constitutional claim now being presented to the federal courts."[97]

Where the petitioner did not present the federal claim but instead a state-law claim, the federal claim is not exhausted. But, when any attempt now to return to state court to exhaust the federal issue would fail as untimely or as barred by *res judicata*, the federal claim is procedurally defaulted.[98]

## C.    Application of standards

Although Gatewood's arguments to the Ohio courts were not explicitly framed as federal constitutional claims, the State here has not asked for dismissal of the present habeas petition as procedurally defaulted for lack of fair presentment.  The Ohio appellate court undertook extensive federal constitutional analysis in ruling upon Gatewood's assignments of error.

In *Clay v. Smith,*[99] I dealt with a similar situation where the State did not raise fair presentment as a ground for dismissing the petition, despite the petitioner's failure to raise

---

[96] *Id.*

[97] *Id.*

[98] *Id.*; *see*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (failure to timely exhaust a habeas claim in state court constitutes a procedural default).

[99] *Clay v. Smith*, 2010 WL 4026134 (N.D. Ohio Aug. 30, 2010), report and recommendation adopted 2010 WL 4026131 (N.D. Ohio Oct. 13, 2010).

his claims to the Ohio courts in the context of a federal constitutional claim.[100] Mindful that the Sixth Circuit cautions that courts should not *sua sponte* dismiss claims on the grounds of procedural default because that approach does not give the petitioner an opportunity to raise a cause and prejudice rebuttal, and further mindful that a procedural default issue may be bypassed by the federal habeas court if the underlying claim may be resolved against the petitioner on the merits, I have chosen to address Gatewood's claims on the merits under AEDPA review because the state court "did undertake an analysis that is similar to that required by federal law in resolving the claim."[101]

### 1. *Procedural default/ fair presentment*

Although not argued by the State, there is a question as to whether Gatewood fairly presented any federal constitutional claim involving the Eighth Amendment to the Supreme Court of Ohio. An examination of Gatewood's brief in support of jurisdiction shows that he did not present his claim to the Supreme Court of Ohio as anything other than a statutory argument involving the trial court's application of relevant sections of the Ohio Revised Code.

His memorandum in support of jurisdiction makes this clear:

There are two ways a defendant can challenge the consecutive sentences on appeal. First, the defendant can argue that consecutive sentences are contrary to law because the court failed to make the necessary findings required by R.C. § 2929.14 (c)(4). See R.C.

---

[100]  *Clay*, 2010 WL 4026134 at * 10.

[101]  *Id.* (citations omitted).

-18-

2953.08(G)(2)(b). Second, the defendant can argue that the record does not support the findings made under R.C. § 2929.14 (c)(4). See R.C. § 2953.08(G)(2)(a).[102]

Moreover, he argues that the reason the Ohio Supreme Court should accept his case is so that the court could "determine (1) whether R.C. § 2929.14 and Criminal Rule 32 require express findings made on the record for purposes of consecutive sentencing, and (2) whether those findings must be made at the sentencing hearing, in the sentencing entry, or both."[103]

Gatewood's conclusion underscores the state law for his challenge:

> **In short, the trial court and appellate court failed to comply with both the governing statute and criminal rule regarding findings and reasons at sentencing, and then failed to speak or memorialize its findings through a journal entry. As such, Appellant's due process rights were violated twice, The dearth of findings and complete omission of reasons precluded him from objecting at his sentencing hearing, and his right to meaningful judicial review was curtailed by a perfunctory judgment entry.[104]**

Gatewood did not therefore, present a claim to the Supreme Court of Ohio that his Eighth Amendment right to be free from disproportionate sentences was violated.  Rather he asserted that the trial judge did not follow prescribed state law procedure in imposing his sentence.  As such, he failed to present the same claim on the same theory to the Ohio courts

---

[102] ECF # 8, Attachment at 164.

[103] *Id*. at 165.

[104] *Id*. at 170.

as is now being presented here.[105]  For purposes of federal habeas review, he has procedurally defaulted his current claim for lack of fair presentment and so the current claim can be dismissed.[106]

But, as noted, the State has not argued that the present claim is procedurally defaulted. A procedural default may be overlooked, and the matter addressed on the merits, where the claim may be easily resolved against the petitioner and dealing with the procedural default involves complicated issues of state law.[107]  Because, as will be discussed below, the federal Eighth Amendment issue is easily resolved against Gatewood, and further that the question of determining whether and/or to what extent the Ohio statutes and the cases construing them are based on federal constitutional law is complex, I proceed with AEDPA analysis of the Eighth Amendment issue.

**2.      *AEDPA review - Eighth Amendment***

As the Supreme Court has noted, successful Eighth Amendment claims alleging cruel and unusual punishment based on a purportedly disproportionate length of sentence "have been exceedingly rare."[108]

---

[105] *Valenzona v. Shewalter*, No. 1:09 CV 336,  2010 WL 3946519, at *1 (N.D. Ohio Oct. 8, 2010)(Polster, J.)(citations omitted).

[106] See, *id*. at *3.

[107] *Lambrix,* 520 U.S. at 525.

[108] *Rummel v. Estelle*, 445 U.S. 263, 272 (1980).

-20-

In 2003, the Supreme Court in *Ewing v. California*[109] construed the Eighth Amendment as "contain[ing] a narrow proportionality principle that applies in non-capital cases."[110] To that end, *Ewing* taught that four principles should guide reviews of challenges to proportionality in non-capital cases: "the primacy of the legislature, the variety of legitimate penological schemes, the nature of our federal system and the requirement that proportionality be guided by objective factors...."[111] *Ewing*, however, also emphasized that the "Eighth Amendment does not require strict proportionality between crime and sentence,' nor does it "mandate comparative analysis within and between jurisdictions."[112]

In *Lockyer v. Andrade*,[113] a case decided contemporaneously with *Ewing*, the Court concluded that "[a] gross disproportionality principle applies to sentences for terms of years."[114] That said, *Andrade* acknowledged that "[o]ur cases exhibit a lack of clarity as to what factors may indicate gross disproportionality."[115] Rather, the Court observed, the only relevant clearly established federal law that can be applied in AEDPA review, given that the "precise contours" of Eighth Amendment proportionality are "unclear," is that gross

---

[109]  *Ewing v. California*, 538 U.S. 11 (2003).

[110]  *Id.* at 20 (citations omitted).

[111]  *Id.* at 23 (citation omitted).

[112]  *Id.* (citations and internal quotations omitted).

[113]  *Lockyer v. Andrade*, 538 U.S. 63 (2003).

[114]  *Id.* at 72.

[115]  *Id.*

disproportionality under Eighth Amendment analysis should be "applicable only in the exceedingly rare and extreme case."[116]

Here, in the initial direct appeal Gatewood raised an argument that his consecutive sentence constituted an excessive punishment for his crime.  The Ohio appeals court dealt with that claim by first extensively quoting from *State v. Lazada*,[117] an decision from the Ohio appeals court that sets out the clearly established federal law as follows:

> {¶ 11} In *State v. Lazada,* 107 Ohio App.3d 189, 667 N.E .2d 1292 (8th Dist.1995), this court set forth the following standard for considering a constitutional review of a criminal sentence:
>
> The standard of review for determining the constitutionality of [a defendant's] sentence is plenary. Ohio courts have held a sentence does not violate the constitutional prohibition against cruel and unusual punishment if it is not so greatly disproportionate to the offense as to "shock the sense of justice of the community." *See State v. Chaffin* (1972), 30 Ohio St.2d 13 at 17, 282 N.E.2d 46. *See, also, State v. O'Shannon* (1988), 44 Ohio App.3d 197, 542 N.E.2d 693. Moreover, the Supreme Court of the United States has provided that "Reviewing courts, of course, should grant substantial deference to broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess sentencing convicted criminals." *Solem v. Helm* (1983), 463 U.S. 277, 290, 77 L.Ed.2d 637, 103 S.Ct. 3001. In either case, the ultimate decision is whether the punishment, as a matter of law, violates the United States or the Ohio Constitution.

---

[116] *Id.* at 73.

[117]  *State v. Lazada*, 107 Ohio App. 3d 189, 667 N.E.2d 1292 (Ohio App. 8th Dist. 1995).

The Supreme Court concluded proportionality analysis "should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Id.* at 292. The court, however, noted that " * * * no one factor will be dispositive in a given case." *Id.* at 290 fn. 17.

In *Harmelin v. Michigan* (1991), 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836, a plurality of the Supreme Court focused the proportionality requirement set forth in *Solem* and eliminated the need for comparative proportionality analysis in every case. "The proper role for comparative analysis of sentences, then, is to validate an initial judgment that a sentence is grossly disproportionate to a crime." 111 S.Ct. at 2707. Therefore, where " * * * a comparison of [a defendant's] crime with his sentence does not give rise to an inference of gross disproportionality," a comparative analysis with other sentences need not be performed. See *Id.*

In comparing the crimes and punishment imposed in the case sub judice, this court gives substantial deference to the General Assembly's sentencing guidelines which demonstrate an intent to make punishment proportionate to the degree of crime.

*Lazada* at 191–192.[118]

Then, the Ohio appeals court conducted an analysis of Gatewood's sentence in light of the controlling principles, and found that his sentence was not constitutionally disproportionate:

{¶ 12} In light of *Harmelin,* if a comparison of the "gravity of the offense and the harshness of the penalty" under the first element of *Solem* does not give rise to an inference of gross disportionality, then the "comparative analysis with other

---

[118] ECF # 8, Attachment at 54-55.

sentences," pursuant to the second and third elements of *Solem,* "need not be performed."

{¶ 13} The totality of Gatewood's argument in support of his cruel and unusual claim is as follows: "the imposition [of] two prison terms of the maximum penalty of 8 years each to be served consecutively, resulting in a total sentence of 16 years for the crimes he committed is greatly disproportionate and amounts to the imposition of cruel and unusual punishment for his crime." We disagree.

{¶ 14} The sentence for each of the burglaries fell within the permissible statutory range for burglary, a felony of the second degree. *See* R.C. 2929.14(A)(2). Further, the record before us demonstrates that the victims of Gatewood's crimes suffered a significant amount of fear because of his crimes.

{¶ 15} For example, the victims in Case No. CR–565160 were a mother and her nine year-old daughter. The burglary left the daughter traumatized to the point where she had difficulty sleeping alone. Case No. CR–566517 had three victims and they were likewise traumatized to the point where they were all frightened to participate in the proceedings and one had to move out of the burglarized house. Moreover, Gatewood has an extensive prior criminal history, which includes 14 felony convictions.

{¶ 16} On this record, the "gravity of the offense and the harshness of the penalty" under the first element of *Solem* does not give rise to an inference of gross disportionality and we, therefore, overrule Gatewood's first assignment of error.[119]

Gatewood never raised the issue of constitutionally disproportionate sentence to the Ohio Supreme Court, but rather elected to continue his appeal on different grounds. That said, however, the final decision of the Ohio courts in this case was not contrary to clearly

---

[119] *Id.* at 55-57.

established federal law of the Eighth Amendment as set forth above and in light of the deference due to state court adjudications.

## Conclusion

For the reasons set forth above, I recommend that the pro se petition of Paul Gatewood for a writ of habeas corpus under 28 U.S.C. § 22544 should be denied after AEDPA review on the grounds that the state court decision denying his claim was not contrary to clearly established federal law.

Dated: October 30, 2017                                 s/ William H. Baughman, Jr.
                                                        United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[120]

---

[120] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).