UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Paul Gatewood,                                              Case No. 1:16-cv-0334

     Petitioner,

  v.                                                           MEMORANDUM OPINION
                          AND ORDER

Brigham Sloan, Warden,

     Respondent.


## I. INTRODUCTION

Petitioner Paul Gatewood, acting *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254, related to his conviction on burglary charges following his entry of a guilty plea in the Cuyahoga County, Ohio Court of Common Pleas. (Doc. No. 1). Magistrate Judge William H. Baughman, Jr. reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I deny the petition. (Doc. No. 10). Gatewood has filed objections to Judge Baughman's Report and Recommendation. (Doc. No. 13). For the reasons stated below, I overrule Gatewood's objections and adopt Judge Baughman's Report and Recommendation.

## II. BACKGROUND

Gatewood does not object to Judge Baughman's description of the factual and procedural history of Gatewood's case, and I adopt those sections of the Report and Recommendation in full. (Doc. No. 10 at 2-7).

### III. STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636. Written objections "provide the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately . . . [and] to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(1).

Gatewood challenges the trial court's imposition of consecutive eight-year sentences on the two burglary counts to which he pled guilty. (Doc. No. 1 and 1-2). Gatewood claims the Ohio courts used the wrong analysis to determine whether his sentence was disproportionate in comparison to those received by other offenders. (Doc. No. 1-2 at 5-6). Judge Baughman

recommends I conclude Gatewood is not entitled to habeas relief because Gatewood's sentence is not unconstitutionally disproportionate in violation of the Eighth Amendment.

Gatewood objects to Judge Baughman's recommendation, arguing the Court of Appeals should have considered the proportionality of his sentence based on his conduct during the commission of the offenses rather than "in the context of an Eighth Amendment cruel and unusual punishment analysis," and the trial court erred in relying on the Court of Appeals' "dictum concerning proportionality" rather conducting its own analysis.  (Doc. No. 13 at 4) (emphasis removed).

I agree with Judge Baughman that the state courts did not reach a decision that was contrary to, or involved the unreasonable application of, clearly-established federal law.  The Court of Appeals cited extensively to controlling Supreme Court precedent.  (*See, e.g.,* Doc. No. 10 at 23-24). The appellate court applied that precedent and determined that the facts contained in the record – facts which are entitled to deference on federal habeas review – did not support an inference that Gatewood's sentence was grossly disproportionate in violation of the Eighth Amendment.  (*See* Doc. No. 10 at 24).

Gatewood also contends his state court sentences are improper because the trial court did not make sufficient findings in its journal entry and that the decision of the Court of Appeals in his case is in conflict with the decision in *State v. Moore*, 24 N.E.3d 1197 (Ohio Ct. App. 2014).  The *Moore* court, while considering the defendant's appeal of his consecutive sentences imposed at a resentencing hearing, engaged in a lengthy analysis of proportionate sentences through the lens of Ohio Revised Code Section 2929.14.  24 N.E.3d at 1205-07.  Federal habeas relief, however, is not available for claims "based *solely* on an error of state law." *Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998) (emphasis in original).  As a result, Gatewood's attempts to distinguish his claims from

Judge Baughman's Eighth Amendment analysis by claiming the appellate court failed to conduct the proper review under a state statute moves him further from relief, not closer.

Finally, the cases Gatewood cites concerning substantive review of a trial court's sentencing decision offer no basis for relief, as those cases arise in the context of post-conviction review of federal trial courts under 28 U.S.C. § 2255 and not habeas review of state trial courts under § 2254.

## V.  CONCLUSION

For the reasons stated above, I overrule Gatewood's objections, (Doc. No. 13), to Judge Baughman's Report and Recommendation, (Doc. No. 10), adopt the Report and Recommendation in full, and deny Gatewood's petition for a writ of habeas corpus pursuant to § 2254.  Further, I certify there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.


s/ Jeffrey J. Helmick
United States District Judge